UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID LEE HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26 CV 1556 RWS |
| | ) | |
| SEAN M. RAPP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of Petitioner David Lee Henderson's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Henderson has been deemed totally incapacitated and disabled based an array of mental disorders which make him unable to have the capacity to meet his essential requirements for food, clothing, shelter and safety, or other care such that serious physical injury, illness, or disease is likely to occur. On April 28, 2025, the Circuit Court of the City of St. Louis, State of Missouri, Probate Division made that determination and appointed Sean Rapp as Henderson's legal guardian. Henderson currently resides at the St. Louis Forensic Treatment Center, a facility operated by the Missouri Department of Mental Health.

On September 29, 2026, Henderson filed the present habeas petition. The petition is not a model of clarity. Construing his petition liberally, Henderson

seeks to be released from his civil confinement and seeks to fire his guardian. Henderson also filed a motion to proceed in forma pauperis which is moot because he submitted the $5.00 filing fee concurrently with his motion.

To the extent Henderson is seeking a ruling by this Court on his petition for release and to change his guardian, his request is subject to dismissal because he has not exhausted his available state remedies. Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." The exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. See Beaulieu v. Minnesota, 583 F.3d 570, 575 (8th Cir. 2009).

"To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 R.S.Mo. before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must then appeal the state court decision to the Missouri Court of Appeals. Kolocotronis v. Holcomb, 925 F.2d 278, 279 (8th Cir. 1991) (internal citation omitted). Here, based on the record, Henderson has failed to apply for release in the proper Missouri state circuit court. Based on the Court's independent review of Missouri Case.net, it does not appear that Henderson has either filed a habeas corpus action in the proper state court or appealed any adverse ruling by the state

court to the Missouri Court of Appeals. The Court therefore concludes that Henderson has failed to exhaust his state court remedies, and the instant petition should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED that** Petitioner David Lee Henderson's motion for leave to proceed in forma pauperis [5] is **DENIED** at moot.

**IT IS FURTHER ORDERED that** Petitioner David Lee Henderson's petition for writ of habeas corpus [1] is **DENIED** and **DISMISSED** without prejudice due to his failure to exhaust his administrative remedies.

**IT IS FURTHER ORDERED that** Petitioner David Lee Henderson's motion to appoint counsel [2] and his motion for "penalty of damages" [3] are **DENIED** without prejudice as moot.

A separate Order of Dismissal will accompany this Memorandum and Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of November, 2026.